**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4702 |
| Plaintiff - Appellee, | D.C. No. 3:19-cr-04488-JLS-3 |
| v. | |
| RUBEN ANDRE GARCIA, AKA Jonathan, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted October 15, 2025[**]

Before:    FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Ruben Andre Garcia appeals from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court denied Garcia's motion in a form order. Garcia contends

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

that the order provides insufficient explanation because it does not (1) contain any indication whether the court found him statutorily ineligible for relief or exercised its discretion to deny under the 18 U.S.C. § 3553(a) factors, (2) address his mitigating arguments, or (3) explain why the lower Guidelines range did not justify any sentence reduction.

Although further explanation from the district court would have aided our review, under the particular circumstances of this case, we see no cause to remand. Garcia's motion made clear that he was eligible for a sentence reduction under Amendment 821 to the Guidelines. The district judge, who had originally sentenced Garcia, nevertheless denied. The reasons for that denial are clear from the original sentencing transcript, in which the judge—after hearing testimony from several of Garcia's victims—stated an above-Guidelines sentence of 240 months was justified because Garcia was one of the leaders of a years' long "cruel and inhumane" sex trafficking scheme that treated the victims as "disposable commodities" and that was motivated solely by the defendants' greed. On this record, we can infer "the intuitive reason" why the judge concluded that the lowering of Garcia's Guidelines range did not justify a sentence reduction. *See Chavez-Meza v. United States*, 585 U.S. 109, 118-20 (2018) (noting that the resentencing judge "was the same judge who had sentenced petitioner originally" and relying on the judge's statements at the original sentencing to infer his reasons

24-4702

for a resentencing denial by form order); *United States v. Wilson*, 8 F.4th 970, 977 (9th Cir. 2021) ("[A] minimal explanation [of a resentencing denial] is adequate in light of the deference due to the judge's professional judgment and the context of a particular case.").

**AFFIRMED.**